

MISSOURI DEPARTMENT OF INSURANCE, FINANCIAL INSTITUTIONS AND PROFESSIONAL REGISTRATION
P.O. BOX 4001
301 W. HIGH ST. RM 530
JEFFERSON CITY, MO 65102

**REGULATORY FEE INVOICE**
**FIRST NOTICE**

GEICO INDEMNITY COMPANY
JOHN ZINNO
ONE GEICO CENTER
MACON, GA 31295

| | |
|---|---|
| Invoice Number: | 201410RF00374 |
| Invoice Date: | 10/06/2014 |
| Due Date: | 11/05/2014 |
| Ref. Number: | |
| Contact Phone: | |

This invoice is a statement of the fees you owe under the insurance laws of this state. Fees incurred and payments received after the date of invoice are not reflected in this invoice. Failure to pay invoiced fees may subject you to owing double the amount of the fees shown, pursuant to section 374.240, RSMo 2000.

ARA CRITES V. GEICO INDEMNITY COMPANY
JACKSON CO. AT KANSAS CITY 1416-CV19121

PURSUANT TO SECTION 374-230 (8), FEE FOR ACCEPTING SERVICE OF PROCESS UPON YOUR COMPANY PLEASE RETURN THIS BILL WITH YOUR CHECK.

| INVOICE SOURCE | AMOUNT | ADJ | NET AMOUNT |
|---|---|---|---|
| SERVICE OF PROCESS | $10.00 | | $10.00 |
| TOTAL: | $10.00 | $ 0.00 | $10.00 |
| TOTAL AMOUNT DUE: | | | $10.00 |

018038592
0101034



RECEIVED
OCT 1 3 2014
OFFICE OF SUZANNE WORTHEN, AVP
GEICO - MACON GA

**EXHIBIT A**

Please contact the following individual(s) with questions:
SERVICE OF PROCESS KIMBERLY LANDERS 573-751-2619

Please return a copy of this statement along with your payment for the total amount shown within 30 days to: DIFP-Insurance, P.O. Box 4001, Jefferson City, MO 65102.

If you have any questions regarding payment of this invoice, please contact the Fiscal Services Section at (573) 751-4439.

State of Missouri

# Department of Insurance, Financial Institutions and Professional Registration



---

**TO:** Corporate Secretary (or United States Manager or Last Appointed General Agent) of

GEICO INDEMNITY COMPANY
JOHN ZINNO
ONE GEICO CENTER
MACON, GA 31295

**RE:** Court: Jackson Co. at Kansas City, Case Number:1416-CV19121

You will take notice that original process in the suit against you, a copy of which is attached hereto and sent to you by certified mail, was duly served upon you at Jefferson City, Missouri, by serving the same on the Director of the Department of Insurance, Financial Institutions and Professional Registration of the state of Missouri, Dated at Jefferson City, Missouri this 3rd day of October, 2014.

*[signature]*

Director of Insurance, Financial Institutions
and Professional Registration



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>BRYAN E ROUND | Case Number: 1416-CV19121 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ARA CRITES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JAMES MANNING<br>JAMES MANNING, PC<br>2502 WEST MECHANIC STREET<br>HARRISONVILLE, MO 64701 | SOP RECEIPT DATE<br>OCT 0 3 2014<br>MO. DEPT OF INSURANCE,<br>FINANCIAL INSTITUTIONS &<br>PROFESSIONAL REGISTRATION |
| Defendant/Respondent:<br>GEICO INSURANCE COMPANY | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: GEICO INDEMNITY COMPANY
Alias:

DIRECTOR OF INSURANCE
301 W HIGH ST RM 530
JEFFERSON CITY, MO 65101

COURT SEAL OF
JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

26-SEP-2014        _____
Date                   Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)    My commission expires: _____    _____
                                         Date            Notary Public

**Sheriff's Fees**
Summons            $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $   10.00
Mileage            $_____ (_____ miles @ $_____ per mile)
Total              $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 14-SMCC-10528    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

ARA CRITES,

                PLAINTIFF(S),          CASE NO. 1416-CV19121
VS.                                                      DIVISION 8

GEICO INSURANCE COMPANY,

                DEFENDANT(S).

NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **BRYAN E ROUND** on **01-DEC-2014** in **DIVISION 8** at **09:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.    A trial setting;

      b.    Expert Witness Disclosure Cutoff Date;

      c.    A schedule for the orderly preparation of the case for trial;

      d.    Any issues which require input or action by the Court;

      e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ BRYAN E ROUND
BRYAN E ROUND, Circuit Judge

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JAMES MANNING, JAMES MANNING, PC, 2502 WEST MECHANIC STREET, HARRISONVILLE, MO 64701

Defendant(s):
GEICO INSURANCE COMPANY

Dated: 14-AUG-2014

Jeffrey A. Eisenbeis
Court Administrator

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| ARA CRITES, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1416-CV19121 |
| | ) Div. 8 |
| GEICO GENERAL INSURANCE COMPANY, | ) |
|   Serve: | ) |
|   Director of Insurance | ) |
|   301 W. High Street, Room 530 | ) |
|   Jefferson City, MO 65101 | ) |
| and | ) |
| GEICO INDEMNITY COMPANY | ) |
|   Serve: | ) |
|   Director of Insurance | ) |
|   301 W. High Street, Room 530 | ) |
|   Jefferson City, MO 65101 | ) |
|     Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff, Ara Crites, by and through the undersigned counsel, for her claims against Defendants GEICO General Insurance Company and GEICO Indemnity Company, states and alleges the following:

## GENERAL ALLEGATIONS

1. Plaintiff is now and at all times pertinent hereto was a citizen and resident of Jackson County, Missouri.

2. Defendants, GEICO General Insurance Company and GEICO Indemnity Company, hereinafter ("GEICO"), is now and was at all times pertinent hereto an

1

Electronically Filed - Jackson - Kansas City - September 23, 2014 - 04:56 PM

Electronically Filed - Jackson - Kansas City - September 23, 2014 - 04:56 PM

insurance company organized pursuant to the laws of a state other than Missouri, authorized by the state of Missouri to engage in, and engaging in, the sale of insurance in Jackson County, Missouri.

3. The sale of insurance policies in Jackson County, Missouri, including the policy issued to Plaintiff in the state of Missouri, as hereinafter more fully set forth, establishes that GEICO is subject to the jurisdiction of this Court and is subject to service of the process of this Court on the Director of Insurance pursuant to §375.261. RSMo.

4. GEICO issued Policy Number 2006402446 insuring an automobile policy for Plaintiff and registered in and principally garaged in Missouri and providing uninsured motorist coverage to Plaintiff, which policy was in full force and effect on or about October 13, 2013. (See Policy Declarations Attached Hereto as Exhibit A)

5. The policy described in the preceding paragraph of this petition was purchased by Plaintiff from an agent of Defendant and delivered to Plaintiff in Jackson County, Missouri.

## FACTS

6. On or about October 13, 2013, Plaintiff was leaving the Kansas City Chiefs football game in the Arrowhead Stadium parking lot, when the driver of a phantom vehicle ran over Plaintiff causing severe pelvic injuries and requiring surgery.

## COUNT I

Plaintiff, for her claim against GEICO, states and alleges as follows:

7. Plaintiff hereby incorporates by reference each and all of the allegations of paragraphs 1 through 7, inclusive, as if fully set forth herein.

8. Unknown Phantom Driver breached his/her duty of care and was negligent and careless in one or more of the following respects.

    a. In driving at an excessive speed under the circumstances then and there existing;

    b. In failing to keep the motor vehicle under proper control;

    c. In failing to keep the motor vehicle in the proper lane of travel;

    d. In failing to operate the vehicle in an attentive manner;

    e. In failing to keep a proper lookout;

    f. In suddenly braking in an unsafe manner;

    g. In failing to take proper precautionary measures to protect against swerving; and/or

    h. In failing to signal a lane change.

10. In the alternative to the allegations of paragraph 9 hereof, Plaintiff states that drivers of vehicles on the highways of Missouri, such as the Unknown Phantom Motorist, are prohibited by §304.019 RSMo. from suddenly veering into an oncoming lane of traffic, and that the Unknown Phantom Motorist's sudden veer into the lane of oncoming traffic containing Plaintiff's insured auto constitutes negligence per se on the part of Unknown Phantom Motorist.

11. In the alternative to the allegations of paragraph 10 hereof, Plaintiff states that drivers of vehicles on the highways of Missouri, such as Unknown Phantom Motorist, are prohibited by §304.019.1 RSMo, from suddenly turning a vehicle

3

Electronically Filed - Jackson - Kansas City - September 23, 2014 - 04:56 PM

Electronically Filed - Jackson - Kansas City - September 23, 2014 - 04:56 PM

from a direct course or moving right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal, and the Unknown Phantom Motorist's sudden movement without signaling constitutes negligence per se on the part of Unknown Phantom Motorist.

12. In the alternative to the allegations of paragraph 11 hereof, Plaintiffs states that drivers of vehicles on the highways of Missouri, such as the Unknown Phantom Motorist, are obligated by §304.012.1 RSMo, to drive in careful and prudent manner exercising the highest degree of care and at a rate of speed so as not to endanger the property of another or the life or limb of any person and the Unknown Phantom Motorist's failure to drive in a careful and prudent manner by failing to keep a proper look out for objects in the road and/or in failing to move a prudent distance from Plaintiff's insured auto constitutes negligence per se on the part of Unknown Phantom Motorist.

13. The Unknown Phantom Vehicle was an uninsured motor vehicle within the meaning of §379.203 RSMo. and GEICO Policy Number 2006402446

14. As a direct and proximate result of the negligence, negligence per se, carelessness and recklessness of the Unknown Phantom Motorist, as herein above set forth, Plaintiff suffered injuries and pain to her pelvis that are lingering in nature.

15. As a further direct and proximate result of the aforementioned negligence, negligence per se, carelessness and recklessness of the Unknown Phantom Motorist, Plaintiff has incurred substantial expenses relating to medical care and treatment, loss of sleep, stress, discomfort and diminished enjoyment of life and

loss of income, all of which Plaintiff would not have otherwise incurred, lost or experienced but for the negligence of the Unknown Phantom Motorist.

16. Because the Unknown Phantom Motorist was an uninsured motorist within the provisions of the law, and because his/her careless and negligence caused or contributed to cause the injuries, and damages set forth herein, Plaintiff is entitled to an award of damages to be paid by Defendant.

WHEREFORE, Plaintiff prays for the judgment of the Court in her favor and against Defendant GEICO Insurance Company, pursuant to Policy Number 2006402446, and for compensatory damages that are fair and reasonable plus interest, penalties, and reasonable attorneys' fee, and for the costs herein incurred and expended.

## COUNT II

Plaintiff, for her claim against GEICO, states and alleges as follows:

17. Plaintiff hereby incorporates by reference each and all of the allegations of paragraphs 1 through 16, inclusive, as if fully set forth herein.

19. Defendant GEICO has failed and has refused to make payment under the policy described above and in Exhibit A, and such refusal is vexatious and without reasonable cause within the meaning of §375.296 RSMo. entitling Plaintiffs to an award of interest, penalty, and reasonable attorney's fees.

WHEREFORE, Plaintiff prays the judgment of the Court in her favor and against Defendant GEICO Insurance Company, for compensatory and punitive damages that are fair and reasonable plus interest, penalties, and reasonable attorney's fees, and for the costs herein incurred and expended.

Electronically Filed - Jackson - Kansas City - September 23, 2014 - 04:56 PM

Electronically Filed - Jackson - Kansas City - September 23, 2014 - 04:56 PM

Respectfully submitted,

JAMES MANNING, PC

JAMES S. MANNING (58271)
2502 W. Mechanic Street
Harrisonville, MO 64701
Telephone: (816) 380-3366
Telecopier: (816) 887-5757
Email: james@jamesmanninglaw.com


PHILLIP S. SMITH, PC

PHILLIP SMITH (26320)
1660 City Center Square
1100 Main Street
Kansas City, MO 64105
Phone: (816) 471-4747
Fax: (816) 471-4949
Email: phillip.smith@sbcglobal.net

**ATTORNEYS FOR PLAINTIFF**

6